129 F.3d 122
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Allen LANGLEY, Appellant
v.
STATE of Iowa, Appellee.
 No. 96-2340.
 United States Court of Appeals, Eighth Circuit.
 Submitted: September 23, 1997.
Filed: October 8, 1997.
 
 Appeal from the United States District Court for the Southern District of Iowa.
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Allen Langley, an Iowa prisoner, appeals the district court's[1] grant of summary judgment against him in his 28 U.S.C. § 2254 action. Langley challenges the district court's determination that there exists no cause to excuse his procedural default. Specifically, Langley claims that he mailed his habeas petition--which he labeled a "Petition Under 28 U.S.C. 2254 For Writ of Habeas Corpus By a Person in State Custody, United States District Court"--to the state court, that the state court mailed it to the federal district court rather than filing it as a state post-conviction motion, and that the state court's conduct should excuse his procedural default.
 
 
 2
 After de novo review of the record, we agree that Langley's claims are barred from habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Lamp v. Iowa, No. 96-2946, slip op. at 5-7 (8th Cir. Aug. 13, 1997). Although sufficient interference by the State may constitute cause in some circumstances, see Joubert v. Hopkins, 75 F.3d 1232, 1242 (8th Cir.), cert. denied, 116 S.Ct. 2574 (1996), we conclude this case does not present such a circumstance.
 
 
 3
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa